**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**SABAL TRAIL TRANSMISSION, LLC,**

    **Plaintiff,**

v.   Case No: 5:16-cv-193-Oc-CEMPRL

**.26 ACRES OF LAND IN LAKE COUNTY FLORIDA, UNKNOWN HEIRS AND BENEFICIARIES OF LILLIE EDWARDS, UNKNOWN HEIRS AND BENEFICIARIES OF FANNIE MAE JONES and UNKNOWN OWNERS**

    **Defendants.**

## REPORT AND RECOMMENDATION[1]

This cause is before the Court on Plaintiff's Motion for Final Summary Default Judgment (Doc. 25) against Unknown Heirs and Beneficiaries of Lillie Edwards a/k/a Lilli M. Edwards a/k/a Lillie Jackson Edwards, Unknown Heirs and Beneficiaries of Fannie Mae Jones, and Unknown Owners, if any. No Defendant has appeared in this action. After consideration of the allegations of the Complaint, Plaintiff's Motion for Final Summary Default Judgment, and the applicable law, I conclude that Plaintiff's Motion for Final Summary Default Judgment should be granted.

    **I. BACKGROUND**

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

On February 2, 2016, the Federal Energy Regulatory Commission ("FERC") issued an Order that, among other things, granted Plaintiff a Certificate of Public Convenience and Necessity ("FERC Certificate"), which authorizes Plaintiff to construct and operate the Sabal Trail Project ("Project"). (Doc. 1-4). The FERC Certificate authorizes the construction and operation of the Project on its specified terms and conditions. (FERC Certificate, ¶ 88, p. 28). FERC found the Project is necessary, its "benefits to the market will outweigh any adverse effects on other pipelines and their captive customers, and on landowners and surrounding communities," and "the public convenience and necessity requires approval of" the Project, as conditioned in the Order granting certification. (Id.). The purpose of the Project is to provide additional supplies of natural gas to Florida Power & Light Company and Duke Energy Florida, LLC, for their power generation needs and to the southeast region of the United States as a whole, by making additional supplies and new energy infrastructure available to support other regional power generators and the growing demand for natural gas. Upon completion, Plaintiff will be able to transport up to 1.1 billion cubic feet of natural gas per day. The Project involves the construction and operation of approximately 516.2 miles of natural gas pipeline and related facilities. The pipeline facilities will consist of approximately 481.6 miles of mainline pipeline in Alabama, Georgia, and Florida; 13.1 miles of lateral pipeline (the Hunters Creek Line) in Florida; 21.5 miles of lateral pipeline (the Citrus County Line) in Florida; five new natural gas-fired compressor stations; and appurtenant facilities. Plaintiff also will construct and operate a facility in Osceola County, Florida, referred to as the Central Florida Hub. Plaintiff filed this condemnation action in order to acquire easement interests necessary to complete the Project.

Plaintiff served the "Unknown Heirs and Beneficiaries of Lillie Edwards a/k/a Lilli M. Edwards a/k/a Lillie Jackson Edwards, Unknown Heirs and Beneficiaries of Fannie Mae Jones,

and Unknown Owners, if any," by publication pursuant to Federal Rule of Civil Procedure 71.1(d)(3)(B). On May 11, 2016, Plaintiff filed its Amended Certificate of Proof of Service by Publication (Doc. 16). The Unknown Heirs and Beneficiaries of Lillie Edwards a/k/a Lilli M. Edwards a/k/a Lillie Jackson Edwards, Unknown Heirs and Beneficiaries of Fannie Mae Jones, and Unknown Owners, if any, have not filed an answer or otherwise appeared in the case.

Pursuant to Federal Rule of Civil Procedure 71.1(c)(3), Plaintiff performed a diligent search to locate any persons who may have an interest in Parcel FL-LA-080.000, other than the Unknown Heirs and Beneficiaries of Lillie Edwards a/k/a Lilli M. Edwards a/k/a Lillie Jackson Edwards, Unknown Heirs and Beneficiaries of Fannie Mae Jones, and Unknown Owners, if any, and did not locate any such people (Docs. 2, 17). Thus, Plaintiff has been unable to reach an agreement with the owners of Parcel FL-LA-080.000.

On May 24, 2016, this Court entered an Order (Doc. 21) in this case granting Plaintiff's Motions for Partial Summary Judgment Determining the Right to Condemn Easements and Preliminary Injunction for Immediate Possession. On July 5, 2016, the Court entered a Clerk's default against Unknown Heirs and Beneficiaries of Lillie Edwards a/k/a Lilli M. Edwards a/k/a Lillie Jackson Edwards, Unknown Heirs and Beneficiaries of Fannie Mae Jones, and Unknown Owners, if any, (Doc. 24). Following entry of the Clerk's default, Plaintiff filed its Motion for Final Summary Default Judgment (Doc. 25) stating that the value of the proposed taking is $300. This valuation is supported by the declaration of Richard H. Parham, a State-Certified General Real Estate Appraiser. Mr. Parham has been an appraiser for twenty seven years. On August 11, 2016, Mr. Parham prepared an appraisal of the value of the easements at issue and determined that just compensation for Parcel FL-LA-080.000 to be $300.00, as of June 13, 2016 (permanent

easement appraised at $200.00 and the temporary workspace easement appraised at $100.00). There is nothing in the record that contradicts Mr. Parham's opinion of value.

## II. ANALYSIS

The Federal Rules of Civil Procedure provide that in eminent domain proceedings "the failure to so serve an answer constitutes consent to the taking and to the court's authority to proceed with the action and fix the compensation." Fed. R. Civ. P. 71.1(d)(2)(A)(vi). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Following entry of a clerk's default, the court may enter a default judgment. Fed. R. Civ. P. 55(b)(2). Here, I find that Plaintiff is entitled to default judgment against Defendants.

It is without question that Plaintiff has the authority pursuant to 15 U.S.C. § 717f(h) (2016) to condemn the easements it seeks: "When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located. . . ." A number of courts have held, and I agree, that the Natural Gas Act authorizes a party to exercise the federal power of eminent domain to acquire property necessary for an interstate natural gas pipeline project when: (1) the plaintiff is the holder of a FERC Certificate authorizing a project, (2) FERC has determined that

the property is necessary for the project, and (3) the plaintiff is unable to acquire the property by contract. *See e.g., Columbia Gas Trans., LLC, v. 1.01 Acres, More or Less, in Penn Twp., York Cty., Pa.*, 768 F.3d 300, 304 (3d Cir. 2014); *Sabal Trail Transmission, LLC v. .36 Acres of Land in Lake County Florida*, No. 5:16-cv-191-JSM-PRL, Doc. 23 (M.D. Fla. September 21, 2016); *Columbia Gas Trans., LLC, v. 0.85 Acres*, No. WDQ-14-2288, 2014 WL 4471541, at *3 (D. Md. Sept. 8, 2014); *Transcon. Gas Pipe Line Co., LLC, v. Permanent Easement Totaling 2.322 Acres*, No. 3:14-cv-00400-HEH, 2014 WL 4365476, at *4 (E.D. Va. Sept. 2, 2014).

District courts have limited jurisdiction in Natural Gas Act condemnation actions. The condemnation action "does not provide challengers with an additional forum to attack the substance and validity of a FERC order. The district court's function under the statute is not appellate but, rather, to provide for enforcement." *Williams Nat. Gas Co. v. Okla. City*, 890 F.2d 255, 264 (10th Cir. 1989), *cert. denied*, 497 U.S. 1003 (1990). "The District Court's sole charge and authority is to evaluate the scope of the FERC Certificate, and order the condemnation of property in accordance with that scope." *Steckman Ridge GP, LLC, v. An Exclusive Nat. Gas Storage Easement Beneath 11.078 Acres, More or Less, in Monroe Twp., et al*., Nos. 08-168, et al., 2008 WL 4346405, at *3 (W.D. Pa. Sept. 19, 2008) (citations omitted); *see also Columbia Gas Transmission Corp. v. An Easement to Construct, Operate & Maintain a 24-Inch Pipeline*, No. 5:07CV04009, 2008 WL 2439889, at *2 (W.D. Va. June 9, 2008).

Consistent with the foregoing, Plaintiff previously moved for partial summary judgment (Doc. 9) confirming its right to condemn the easements, and this Court issued an order granting partial summary judgment as to that issue (Doc. 21). The only issue remaining to be decided is the amount of compensation to be paid for the taking. As to this issue, in the absence of any appearance by Defendants and conflicting representations relative to valuation, I accept the

appraisal evidence presented by Plaintiff, establishing that just compensation for Parcel FL-LA-080.000 is $300.00.

### III. RECOMMENDATION

Accordingly, I recommend that:

1. Plaintiff's Motion for Final Default Judgment (Doc. 25) should be **GRANTED**.

2. The District Judge should find that Plaintiff has properly exercised its power of eminent domain and that $300.00 is just compensation for Parcel FL-LA-080.000.

3. Upon payment by Plaintiff of $300 into the registry of the Court, title to Parcel FL-LA-080.000, as provided at Doc. 1-5, should become vested in Plaintiff.

4. The Clerk of the Court should be directed to terminate all pending matters and to close this case upon Plaintiff's deposit pursuant to the Court's Order.

Recommended in Ocala, Florida on September 27, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy